CONRAD SIPFLE, JR., AND CONRAD BREITSCHWERTH, RESPONDENTS, *v.* ALFRED H. ISHAM, IMPLEADED, APPELLANT.

*Action on a note alleged to have been made by a firm — the fact that the defendants were in fact partners, or that they had by their acts held themselves out to be partners, so as to bind them as to third persons, must be proved.*

APPEAL from a judgment entered in Onondaga county upon the report of a referee. The action was brought upon a note alleged to have been made by the firm of Stimson & Isham. The defendant, Isham, alleged in his answer that he was not a partner, and that he never made the note or authorized it to be made by Stimson, and that he was not liable upon it.

The plaintiffs alleged in their complaint that the defendants * * * were copartners doing business in Syracuse and Geddes and elsewhere under the firm name and style of Stimson & Isham. That the defendants *as such* copartners made their note set out in the complaint and delivered it to plaintiffs. The complaint does not state any other ground of liability of defendants to them, nor does it set out the cause of action for which the note was given, or show any ground upon which Isham would be made liable, otherwise than by reason of a *copartnership,* and the authority implied therefrom if one existed.

The court at General Term said: " The referee does not find that Isham & Stimson were copartners, nor that Stimson, who made and signed and delivered the note to plaintiffs as a copartner or otherwise, was authorized by Isham to make the note in suit. Again,

when Stimson ordered the patterns and refrigerators of the plaintiffs, it does not appear that he had authority to carry on business in the joint name of Isham & Stimson. It does appear that the order was given by Stimson prior to July 26, 1882. It does appear that Isham had declined to go into business with Stimson. Isham stated in a letter written in San Francisco May 15, 1882, to Stimson, viz . ' I cannot go into any business until January 1, 1883.' The same, in substance, was repeated to Stimson in a letter of May 25, 1882. We think, *inter se*, there was no partnership shown, nor did the defendant hold himself out by acts as a partner so as to bind him as such copartner to third persons. (*Central City Savings Bank* v. *Walker*, 66 N. Y., 424, 428.)

"In *Haas* v. *Roat* (26 Hun, 632), there was an agreement that ' the defendant was to advance and furnish money to aid in getting ready for the business, and a joint venture was agreed upon, out of which was to come back to the defendant Roat the money put in by him as part of the capital, and *one-half* of the net profits as such which, as they accrued, were to be his property, his share in the venture. That was a case where the plaintiffs brought the action upon an account contracted in carrying forward the business which was to yield the contesting party one-half of the profits as his share of the venture. (See report of the case in 16 Hun, 526, for a more full statement of the facts.)

" There was no proof given of any authority in Stimson to make a note in the name and behalf of Isham. There being no copartnership found, the implied authority of one member of a firm to do what is necessary to carry on the business of the partnership cannot be used to sustain a recovery upon the note. (*Webster* v. *Rackett*, 7 Hun, 229.) In that case the contract was made by a firm, and at their place of business, and the authority of one of the members of the firm was held sufficient to authorize the contraction of a debt in the ordinary business of the firm. *The Tradesman's Bank* v. *Astor* (11 Wend., 88), is not in point, as there several were jointly liable, and it was held ' that an agreement between them that neither shall make a contract to charge the other, does not affect third persons ignorant of such agreement.' *In National Union Bank* v. *Landon* (66 Barb., 190), there was a copartnership, and hence the partners had the right to give a note, and it bound the firm. That

case does not aid the respondents. The plaintiffs planted themselves upon the averment that Isham was a partner. That was not proven; nor is it found by the referee. Nor is it made to appear that Isham ever gave any authority to Stimson to make a note to bind him, and, therefore, the plaintiffs were not entitled to recover upon the pleadings, proofs and findings. (*Curry* v. *Fowler*, 87 N. Y., 37.) If the plaintiffs wish to test the right of Stimson to contract the debt for and in behalf of Isham as his agent, and upon special authority, they should present proper allegations and proofs. Our conclusion is, that the liability of Isham upon the note was not made out, and that the referee erred in holding, as matter of law, that he was indebted to plaintiffs upon the note.

"Judgment reversed, and a new trial ordered before another referee, with costs to abide the event."

*E. A. Nash,* for the appellant.

*Homer Weston,* for the respondents.

Opinion by HARDIN, P. J., FOLLETT and MARTIN, J. J., concurred.

Judgment reversed, and new trial ordered before another referee, with costs to abide the event.